# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MINDY V.,[1]<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 24-CV-4029-CJW-KEM<br><br><br>**ORDER** |

_____

## I. INTRODUCTION

This case is before the Court on an August 12, 2025 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Mindy V.'s ("Claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434. Neither party has objected to the R&R. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citing *Turely v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum.*

*Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

3

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 15, at 2-4). In short, claimant worked several jobs over the years until suffering rib injuries in 2016 due to a car accident. In 2021, claimant filed for DI benefits, which the Commissioner denied. A Social Security Administrative Law Judge ("ALJ") found claimant suffered from the severe impairments of neuralgia and "non-union of rib fractures, status post thoracotomy." (AR 16). The ALJ did not discuss any other potential impairments (such as sleep apnea or obesity). (*Id.*). The ALJ ultimately found claimant could perform light

4

work with some limitations, but none on overhead reaching. (AR 17). Claimant argues that the ALJ improperly substituted his lay opinion for that of the medical professionals because doctors agreed claimant suffered limitations in overhead reaching, but the ALJ did not limit claimant's ability to overhead reach in his RFC. (Doc. 15, at 4-5). Judge Mahoney found the absence of this limitation was likely a scrivener's error and found it harmless and did not conflict with the DOT. (*Id.*, at 5-8). Judge Mahoney recommends the Court find no error by the Commissioner here. The Court agrees with Judge Mahoney's analysis and conclusion, and finds the ALJ did not err in this regard.

Claimant also argues that the ALJ erred by failing to discuss the opinion of Dustin Sorenson, MD, her treating pain doctor. (*Id.*, at 8). Specifically, claimant argues that Dr. Sorenson "endorse[d] the [functional capacity evaluation] opinions of [PT] Wachholtz," which was more limiting than the ALJ's RFC. (Doc. 6). The Commissioner responds that Dr. Sorenson specifically declined to impose functional restrictions, and his statement therefore does not constitute a medical opinion the ALJ must discuss under the regulations. Judge Mahoney agrees with the Commissioner, and so does the Court. As Judge Mahoney stated: "Dr. Sorenson's statement contains no functional restrictions—in fact, he specifically declined to opine on this issue—and is therefore not a medical opinion." (*Id.*, at 10). Thus, the Court finds the ALJ did not err in failing to address the persuasiveness of Dr. Sorenson's statement.

Claimant also argues that neither the vocational expert or the ALJ acknowledged a conflict between the DOT and the expert's opinion about claimant being able to perform light work with only occasional "push/pull activities on the left." (AR 17, 57). Judge Mahoney found that "an apparent conflict exists between an RFC limitation to occasional pushing and pulling (whether with one arm or two) and the DOT's description of light work as requiring the ability to exert up to ten pounds of force frequently, since by definition, exerting force includes pushing and pulling." (Doc. 15, at 12-14). Judge

Mahoney recommends remand for the ALJ to elicit a reasonable explanation for the conflict from the VE and to resolve the conflict by determining if the VE's testimony may be relied upon over the DOT given the explanation. (*Id.*, at 14). The Court agrees with Judge Mahoney's analysis and conclusion.

Last, claimant argues that the ALJ failed to develop the record, particularly with regard to sleep apnea, shortness of breath and obesity. (*Id.*, at 14-19). Judge Mahoney found that the ALJ did not error with regard to the first two alleged limitations, and likely did not err with regard to the record not reflecting a greater limitation due to claimant's obesity. (*Id.*). Nevertheless, Judge Mahoney recommends that on remand, the ALJ explicitly address obesity consistent with SSR 19-2p, which the ALJ did not do below. (*Id.*, at 18-19). The Court agrees. The record is sufficient to find the ALJ did not err in addressing sleep apnea and shortness of breath as limitations, but the record could be clarified on remand as to obesity.

Thus, the Court finds remand under sentence four in Title 42, United States Code, Section 405(g) appropriate, consistent with this order and Judge Mahoney's R&R.

## IV.     CONCLUSION

For these reasons, the Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1). Consistent with Judge Mahoney's recommendation, the Commissioner's determination is **reversed** and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings as described by Judge Mahoney.

**IT IS SO ORDERED** this 4th day of September, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa